IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                           )<br>            Plaintiff,                       )<br>                                                           )<br>    v.                                               )<br>                                                           )<br>RANGI KNIGHT,                          )<br>                                                           )<br>            Defendant.                    ) | Crim. Action. No. 99-10-LPS-2 |

### **MEMORANDUM ORDER**

WHEREAS, the Honorable Joseph J. Longobardi sentenced Defendant Rangi Knight ("Defendant") to 162 months imprisonment for conspiracy to distribute a mixture and substance containing cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (D.I. 53);

WHEREAS, on appeal, the Third Circuit Court of Appeals vacated this Court's judgment and order of sentence with instructions to recalculate Defendant's Sentencing Guidelines, *see Knight v. United States*, 266 F.3d 203, 210 (3d Cir. 2001) (D.I. 75);

WHEREAS, on remand, the case was reassigned to the Honorable Joseph J. Farnan, Jr., who resentenced Defendant to 140 months imprisonment on February 7, 2002 (D.I. 80);

WHEREAS, pursuant to 18 U.S.C. § 3583(c)(2), Defendant's sentence was reduced to 120 months on February 27, 2008, effective March 8, 2008 (D.I. 88);

WHEREAS, the case was reassigned to the undersigned after the United States Probation Office's filing of a Petition for Revocation of Supervised Release (D.I. 90) ("Petition"), which alleged violation of a mandatory condition of supervised release that

1

Defendant shall not commit another Federal, state, or local crime, arising from Defendant's arrest by members of the DEA Task Force for trafficking in more than 100 grams of cocaine (*id.*);

WHEREAS, Defendant admitted to the charge in the Petition during a revocation hearing on December 21, 2010, and the Court sentenced him to a term of 24 months imprisonment, to be served consecutive to any other sentenced imposed, with no further term of supervised release to follow (D.I. 101 at 2);

WHEREAS, Defendant filed a Motion for Reconsideration of the Third Amendment Judgment more than two years after his revocation proceedings had been adjudicated (*see* D.I. 102, 104, 105), which the Court denied on the basis that it was a request for modification of a sentence not permitted under Federal Rule of Criminal Procedure 35 (*see* D.I. 105);

WHEREAS, on July 22, 2015, Defendant again sought relief by way of filing a *pro se* motion pursuant to 18 U.S.C. § 3583(c)(2) (D.I. 109);

WHEREAS, on September 22, 2015, the Court denied Defendant's *pro se* motion pursuant to 18 U.S.C. § 3583(c)(2), stating: "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under [18 U.S.C. § 3583]. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." (D.I. 110);

WHEREAS, Defendant again filed a Motion for Modification of Sentence on November 19, 2015, based on alleged post-sentencing rehabilitation efforts, and requested that his sentence be changed to run concurrently with any other sentence imposed (D.I. 111);

WHEREAS, the Court denied this motion as not permitted under Fed. R. Crim. P.

2

35, as the rule does not provide the Court with a basis to provide Defendant relief (D.I. 114);

WHEREAS, Defendant now moves the Court again to alter his judgment, and, in particular, to modify his federal sentence to run concurrently with his state sentence (D.I. 115);

At Wilmington, this 25th day of July, 2016, having reviewed the procedural history of this case as well as the parties' filings;

IT IS HEREBY ORDERED that Defendant's motion to alter judgment is **DENIED**.

As previously explained, Rule 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Rule is "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." Fed. R. Crim. P. 35 (Advisory Committee Notes, 1991 Amendments); *see also United States v. Johns*, 332 Fed. Appx. 737, 739 (3d. Cir. 2009) ("Rule 35 prohibits second thoughts about sentencing decisions."). Thus, Rule 35(a) does not permit the Court to reconsider or change its mind about whether to run Defendant's sentence concurrently or consecutively to any other sentence imposed, which is the relief Defendant is seeking.

Accordingly, Defendant's motion to alter judgment (D.I. 115) must be and is DENIED.

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE